IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EDNA and WALLACE MUHAMMAD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PUBLIC STORAGE, ) <br> ) <br> Defendant. ) | Case No. 14-0246-CV-W-ODS |

ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR REMAND

Pending is Plaintiff's Motion For Remand (Doc. # 8). The Court concludes that the amount in controversy exceeds $75,000, so the Motion is denied.

Plaintiffs assert that Defendant failed to give Plaintiffs proper notice of default of payment for a leased self-storage unit and "purposely sold Plaintiffs' items in violation of the law" which were "valued at over $20,000." Petition, ¶ 13, 24, 28. Count I of Plaintiff's state-court Petition alleges that Defendant violated the Missouri Merchandising Practices Act ("MMPA") theorizing that Defendant's failure to provide Plaintiffs with proper notice of default of payment and selling Plaintiffs' personal items were unlawful acts in violation of section 407.010, *et seq*. In a private action under the MMPA, the Court can award actual damages, punitive damages, and attorney fees. Mo. Rev. Stat. § 407.025. Missouri law authorizes punitive damages of up to five times the actual damages or $500,000, whichever is greater. Mo. Rev. Stat. § 510.265.

Defendant removed this case to federal court, alleging jurisdiction existed under 28 U.S.C. § 1332(a). A federal district court has original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). There is no dispute that the parties are citizens of different states. Defendant is a Maryland real estate investment trust with its principal place of business located in Glendale, California. Defendant is therefore a citizen of Maryland and California. 28 U.S.C. § 1332(c)(1). Plaintiffs are Missouri citizens. The sole issue is whether more than $75,000 is in controversy.

Defendant, as the party seeking removal, bears the burden of demonstrating that the amount in controversy requirement is satisfied. *See Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 404. Because complete diversity is not contested, Defendant must demonstrate that more than $75,000 is in controversy to establish this Court has jurisdiction. Defendant must establish that the fact-finder "*might* legally conclude" the damages exceed $75,000. *James Neff Krampfer Family Farm v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (emphasis in original) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). Punitive damages are included in the amount in controversy, but claims for punitive damages are to "be given closer scrutiny" than the assertion of actual damages because they are speculative in nature, often overstated, and sometimes sought when unavailable. *State of Mo. ex rel. Pemiscot County v. Western Sur. Co.*, 51 F.3d 170, 173-74 (8th Cir. 1995). Attorney fees permitted by a fee-shifting statute are also included. *E.g.*, *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009).

In this case, Plaintiffs seek compensatory damages for the sale of their personal property, which they allege to be valued at "over $20,000." *See* Petition, ¶ 13. Accordingly, at least $20,000 is at controversy as potential recoverable actual damages. Plaintiffs also seek an additional award of punitive damages (and attorney's fees) under the MMPA. This leaves a $55,001 difference between the amount of actual damages and the jurisdictional requirement. A fact-finder could legally and permissibly award more than $55,001 in some combination of punitive damages and statutory attorney fees. Based on these facts, the jurisdictional amount is met.

Accordingly, the Court denies Plaintiffs' Motion for Remand.

IT IS SO ORDERED.

DATE: June 12, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT