IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EDNA and WALLACE MUHAMMAD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 14-0246-CV-W-ODS |
| ) | |
| PUBLIC STORAGE CO., ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss (Doc. # 6). The Motion is granted in part and denied in part.

## I. BACKGROUND

The facts alleged in the state-court Petition (hereinafter "Complaint") construed in the light most favorable to the Plaintiff indicate the following. This suit arises from a contractual relationship between Plaintiff Wallace Muhammad and Defendant Public Storage. On October 28, 2011, Wallace Muhammad signed a Lease/Rental Agreement (hereinafter "Agreement") for a self-storage unit at the Public Storage location at 9527 James A. Reed Road, Kansas City, Missouri 64134. Complaint, ¶ 9. The instant Motion seeks dismissal pursuant to Rule 12(b)(6), but the Court can consider the Agreement because it is fairly embraced by the Complaint. *See Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). Although the Complaint alleges that both Wallace and Edna Muhammad signed the Agreement, the Agreement only provides Wallace Muhammad's signature. Agreement, Exhibit A (Doc. # 7-1), p. 4. The Agreement lists "Wallace Muhammad" as "Occupant" and Edna Muhammad as "Occupant's Authorized Access Person." Agreement, p. 1.

Other relevant portions of the Agreement provide the following:

> In the event rent shall be in default . . . and thereafter Occupant shall have failed to give operator written notice of an intention not to abandon the Premises and the personal property located in, on or about the Premises within fifteen (15) consecutive days after notice of nonpayment of rent has been given by Operator to Occupant . . . the Premises shall be deemed abandoned. Agreement § 4(b).
>
> In the event Occupant shall change Occupant's physical address . . . as set forth in this Lease/Rental Agreement, Occupant shall give Owner written notice of such change signed by Occupant and specifying Occupant's current physical address . . . within ten (10) days of the change; such notice to be mailed to Owner by first class mail with proof of mailing. Agreement § 15(a).
>
> [A]ny written notices or demands required or permitted to be given under the terms of this Lease/Rental Agreement may be personally served or may be served by first class mail . . . to the party at the address provided for in this Lease/Rental Agreement. Agreement § 15(b).

The Agreement lists the "Occupant address" as 8929 Cambridge Ave., #2706, Kansas City, Missouri 64138. Agreement, p. 1. On May 28, 2012, Edna Muhammad informed the customer service representative at Public Storage, through written notice, that Plaintiffs' address had changed to 11009 E. 51st Street, Kansas City, Missouri 64133. Complaint, ¶ 14. Edna Muhammad observed the customer service representative change her address in the computer system. *Id.*, ¶ 15. The customer service representative further acknowledged that the address had been changed in Defendant's database. *Id.*, ¶ 16.

Plaintiffs paid Defendant a monthly fee for the rental of the Unit, in which they stored nearly 300 personal items valued at more than $20,000. *Id.*, ¶ 12-13. On November 1, 2012, Plaintiffs missed the rental payment deadline. *Id.*, ¶ 17. On December 4, 2012, and January 2, 2013, Plaintiffs made payments of $211.00. *Id.*, ¶ 18-19. Both payments were made at the Public Storage location on 3440 Main Street, Kansas City, Missouri 64111. *Id.* These payments were apparently first applied to November's and December's rent because following the January 2, 2013 payment, a balance of $161.00 remained for January 2013's rent. *Id.*, ¶ 20.

On January 24, 2013, Defendant sold all items within the Unit. *Id.*, ¶ 21. Plaintiffs contacted Defendant's regional managers regarding reimbursement for the items sold within the Unit, but Defendant refused. *Id.*, ¶ 22-23. Plaintiffs allege that Defendant, through its agents, servants, and employees, failed to provide notice of

default of payment to Plaintiffs' last known address pursuant to the terms of the Agreement. Plaintiffs also allege that they were never given proper notice that Defendant intended to sell the items within the Unit. *Id.*, ¶ 24-26.

On January 31, 2014, Plaintiffs filed their state-court Petition in the Circuit Court of Jackson County, Missouri. The case was removed to federal court on March 14, 2014. The Plaintiffs raise four counts in their Complaint: (1) violation of the Missouri Merchandising Practices Act ("MMPA"); (2) breach of contract; (3) unjust enrichment; and (4) negligent misrepresentation.

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While

3

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

### III. DISCUSSION

#### A. Count I—MMPA Claim

Count I alleges that Defendant violated the MMPA. Defendant argues that Edna Muhammad cannot assert an MMPA claim because she was neither a party to the Agreement nor a customer of Public Storage. Second, Defendant argues that Count I should be dismissed because both Plaintiffs failed to plead their MMPA claim with particularity.

In relevant parts, the MMPA prohibits:

> [t]he act, use or employment by any person of a deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . whether committed before, during or after the sale, advertisement or solicitation.

Mo. Rev. Stat. § 407.020.1. The Complaint alleges that Defendant violated the MMPA with regard to "the sale of Plaintiffs' personal items contained in the Unit and Defendant's refusal to give Plaintiffs proper notice of default, and subsequent sale of the personal items . . . ." Complaint, ¶ 42. To establish an MMPA claim, a plaintiff must allege that he "(1) purchased or leased merchandise; (2) primarily for personal, family or household purposes, and (3) thereby suffered an ascertainable loss of money or property, real or personal; (4) as result of the defendant's use of one of the methods or practices declared unlawful by Section 407.020." *Wivell v. Wells Fargo Bank, N.A.*, No. 12-3457-CV-S-DGK, 2013 WL 2089222, at *4 (W.D. Mo. 2013) (citing Mo. Rev. Stat § 407.025.1 and *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008)).

4

Edna Muhammad cannot satisfy the first element of her MMPA claim because she did not purchase or lease anything from Public Storage. Although the Complaint alleges that both Plaintiffs entered into the Agreement with Defendants on October 28, 2011, the Agreement only lists Wallace Muhammad and Public Storage as the parties to the Agreement. Edna Muhammad was not a party to the Agreement, nor did she sign the Agreement—she was only listed as an "Occupant's Authorized Access Person." There is no allegation that Edna Muhammad was a client or customer of Public Storage. Public Storage did not sell any goods or merchandise or provide any services to Edna Muhammad. Accordingly, Edna Muhammad has failed to state cause of action under the MMPA. The Court dismisses Edna Muhammad's claim from Count I.

Next, Defendant argues that both Plaintiffs failed to plead their MMPA claim with particularity. Plaintiffs contend that Rule 9(b) does not apply to their MMPA claim. Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As Defendant points out, this Court has previously held that the MMPA requires particularized pleading. *Khaliki v. Helzberg Diamond Shops, Inc.*, 2011 WL 1326660, *3 (W.D. Mo. Apr. 6, 2011); *Lavender v. Wolpoff & Abramson, L.L.P.*, 2007 WL 2507752, *2 (W.D. Mo. Aug. 30, 2007); *Courchene v. Citibank N.A.*, 2006 WL 2192110, *2 (W.D. Mo. Aug. 1, 2006). However, in these cases the MMPA was utilized to assert a claim sounding in fraud. The MMPA addresses misconduct beyond fraud and includes "unfair practices." In other circumstances, courts have been required to delve into the specific nature of an MMPA claim to determine whether it sounded in fraud. For instance, in *Huffman v. Credit Union of Texas*, the Court of Appeals conducted this inquiry and, after concluding the plaintiffs' MMPA claim did not sound in fraud, declined to apply the special accrual rules applicable to fraud claims. No. 13-1881, 2014 WL 3377778, at *4 (8th Cir. 2014).

In this case, the Court concludes Plaintiffs are not asserting a fraud-based claim. They contend, essentially, that Defendant committed an unfair trade practice by breaching the contract.[1] Because this is not a fraud-based claim, Rule 9's heightened

---

[1] The Court harbors doubts as to whether a single instance of breach of contract can constitute an unfair practice under the MMPA, *see, e.g., Jackson v. Hazelrigg*

5

pleading requirements do not apply. Accordingly, the Court denies Defendant's Motion to dismiss Wallace Muhammad's MMPA claim.

B. Count II—Breach of Contract

Count II asserts a breach of contract claim. Defendant first contends that Edna Muhammad cannot assert a claim for breach of contract because she is not a party to the Agreement with Public Storage. In response, Plaintiffs argue that Edna Muhammad can assert a claim for breach of contract as a third-party beneficiary.

Under Missouri law, "[a] third-party beneficiary can sue to enforce the contract *if* the contact terms 'clearly express' an intent to benefit either that party or an identifiable class of which the party is a member." *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 301 (Mo. 1993) (en banc); *see also McKenzie v. Columbian Nat'l Title Ins. Co.*, 931 S.W.2d 843, 845 (Mo. Ct. App. 1996) ("Only those third parties for whose primary benefit the contracting parties intended to make the contract may sue on the contract.") (internal quotations omitted). "Furthermore, a mere incidental benefit to the third party is insufficient to bind that party." *Netco, Inc. v. Dunn*, 194 S.W.3d 353, 358 (Mo. 2006) (en banc). "Third party beneficiary status depends not so much on a desire or purpose to confer a benefit on the third person, but rather on an intent that the promisor assume a *direct obligation* to him." *McKenzie*, 931 S.W.2d at 845 (internal quotations omitted). "In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves." *Netco,* 194 S.W.3d at 358.

The Agreement was entered into by Wallace Muhammad and Public Storage. Thus, Public Storage owed no contractual duties to Edna Muhammad. Although the Agreement lists Edna Muhammad as the "Occupant's Authorized Access Person," this reference does not clearly express an intent for the contract terms to benefit her. Any benefits actually obtained from the Agreement (i.e. having access to the Unit) were merely incidental to Public Storage's obligations to Wallace Muhammad. Further, the

---

*Automotive Serv. Center, Inc.*, 417 S.W.3d 886, 894 (Mo. Ct. App. 2014), but Defendants have not raised this argument.

Agreement does not express intent that Public Storage would assume a direct obligation to Edna Muhammad. Thus, because Edna Muhammad is not a party or a third-party beneficiary to the Agreement, she cannot assert a claim for breach of contract and her claim in Count II is dismissed.

Next, Defendant argues Count II should be dismissed because: (1) Plaintiffs do not plead that Public Storage failed to send notice to the original address provided by Wallace Muhammad; (2) the Agreement cannot be construed to require Public Storage to send notices to an address provided to Public Storage by Edna Muhammad; and (3) Edna Muhammad's actions did not effectuate a valid change of address under the Agreement. The Court rejects Defendant's arguments.

Under Missouri law, to show a breach of contract, the plaintiff must prove: (1) "the existence and terms of a contract," (2) that he "performed or tendered performance pursuant to the contract," (3) that the defendant breached the contract, and (4) damages. *Affordable Communities of Missouri v. Federal Nat. Mortg. Ass'n*, 714 F.3d 1069, 1075 (8th Cir. 2013) (quoting *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)). In this case, Wallace Muhammad has alleged that there was a contract between him and Public Storage. Complaint, ¶¶ 8, 9. He alleged he performed on the Agreement by paying a monthly fee for the Unit and that Defendant breached the Agreement by not providing a notice of default or a notice that Defendant intended to sell the items in the Unit. *Id.* ¶¶ 12, 24-26. Finally, Wallace Muhammad alleged he was damaged as a result. *Id.*, ¶¶ 13, 30, 53.

Defendant argues Wallace Muhammad did not strictly comply with the Agreement's provisions for changing his address, so Defendant cannot be held liable for failing to provide notices to the new address. However, the Complaint alleges Defendant acquiesced to the means employed to change the address: Defendant allegedly accepted the change of address submitted by Edna Muhammad, recorded the change in the computer system, undertook no further inquiry, and accepted payments thereafter. "[A] party to a contract may by express agreement or by his own course of conduct waive his legal right to insist on strict performance of the covenants of the contract . . . ." *S. S. Silberblatt, Inc. v. Seaboard Sur. Co.,* 417 F.2d 1043, 1055 (8th Cir. 1969); *see also Spencer Reed Grp., Inc. v. Pickett*, 163 S.W.3d 570, 574 (Mo. Ct. App.

2005); *Walker Transp. Co. v. Neylon*, 396 F. 2d 558, 560 n.4 (8th Cir. 1968). The facts alleged might be sufficient to persuade a jury that Defendant waived the right to insist upon the method for changing addresses specified in the contract – particularly if Defendant's computerized records reflect Wallace Muhammad's new address as alleged in the Complaint.[2] Accordingly, the Court denies Defendant's motion to dismiss Wallace Muhammad's breach of contract claim.

C. Count III—Unjust Enrichment

Count III's unjust enrichment claim asserts that it was wrongful to "sell[] Plaintiffs' contents without providing proper notice of default or sale" and to retain "the money [it] received from Plaintiffs[.]" Public Storage moves to dismiss Count III on the grounds that Missouri law does not permit recovery on a quasi-contract theory when a valid, express contract governs the subject matter of the parties' dispute. *See Affordable Communities of Missouri*, 714 F.3d at 1077 ("Unjust enrichment is an equitable remedy based on the concept of a quasi-contract and a plaintiff may not recover under both an express contract and unjust enrichment."). However, although Plaintiffs cannot recover damages under both theories, they may still plead both theories in their Complaint as the Federal Rules permit pleading in the alternative. *See* Fed. R. Civ. P. 8(e)(2). Accordingly, the Court denies Defendant's motion to dismiss Count III.

D. Count IV—Negligent Misrepresentation

Count IV asserts a claim for negligent misrepresentation. Defendant contends Plaintiffs have not satisfied Rule 9(b) with respect to Count IV, and the Court agrees. As stated earlier, Rule 9(b) requires that "the circumstances constituting fraud . . . shall

---

[2] Additionally, the Court notes that if it is Defendant's position that Edna Muhammad's actions were ineffective to change the address, there would have to be some evidence that Defendant sent notice to Wallace Muhammad at the original address. Defendant cannot contend that change was invalid and thereby deprived it of the obligation to send notices to *any* address – and if it sent no notices whatsoever, it seriously undermines Defendant's position. Of course, this is not an issue the Court can delve into under Rule 12(b)(6).

be stated with particularity." Further, when pleading fraud, a plaintiff is precluded from simply making conclusory allegations. *Commercial Prop. Invs., Inc. v. Quality Inns Int'l*, 61 F.3d 639, 644 (8th Cir. 1995).

Plaintiffs' vague reference to "Defendant's representations in the Agreement" does not identify a specific false representation allegedly made by Public Storage. Absent any allegations about any specific statements made by Defendant or any statements that Plaintiffs heard and relied upon, Count IV does not comport with Rule 9(b). However, the Court does not find it appropriate to dismiss Count IV at this time and therefore grants Plaintiffs leave to amend the Complaint with respect to Count IV.

## IV. CONCLUSION

The Court grants in part and denies in part Defendant's Motion to Dismiss. Edna Muhammad's claims from Count I and Count II are dismissed. Plaintiffs are granted leave to amend Count IV. Plaintiffs' Amended Complaint shall be filed on or before August 14, 2014. Failure to file an Amended Complaint before the deadline will result in dismissal of Count IV. Defendant's Motion is denied in all other respects.

IT IS SO ORDERED.

                                                         /s/ Ortrie D. Smith
                                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 24, 2014                         UNITED STATES DISTRICT COURT